IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EDWARD PERGANDE, et al.,

        Plaintiff,           6:10-cv-06314-TC

        v.                         FINDINGS AND
                                  RECOMMENDATION
SHERIFF JOHN TRUMBO,
et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights while he was a pre-trial detainee in the Umatilla County Jail. Plaintiff's also invokes "supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367." Amended Complaint (#24) p. 3. However, plaintiff's Amended

1 - FINDINGS AND RECOMMENDATION

Complaint (#24) does not allege any specific state law claim. Defendants now move to dismiss on various grounds. Motion to Dismiss (#32).

Plaintiff alleges "[t]he serving trays that have been used to distribute our meals are un-sanitary." Amended Complaint (#24) p. 4. Plaintiff further alleges "I believe that the mold on the food trays contributed to my ear infection lasting over six months, as well as earation (sic) to my face, eyes, and skin. I complained to medical for sometime about the redness to my face. I was given allergy medication by medical. I also had a hard time sleeping." Id.

Plaintiff alleges that the unsanitary food trays and defendants' failure to issue new food trays constituted deliberate indifference to his "health and safety, negligence, and (a) violation of (his) civil rights" under the "Due Process Clause of the Fourteenth Amendment." Id., p. 5.

A pre-trial detainee's claim for unconstitutional conditions of confinement are analyzed under the substantive due process clause of the Fourteenth Amendment. Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003)(citing Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002)).

In order to establish entitlement to relief under the Eight Amendment standards applicable to Fourteenth Amendment substantive due process claims, plaintiff must show that he

2 - FINDINGS AND RECOMMENDATION

was (1) confined under conditions posing a risk of 'objectively sufficiently serious' harm" and (2) "that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care." <u>Clements v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002). "A defendant is liable for denying needed medical care only if he 'knows of and disregards an excessive risk to inmate health and safety.'" <u>Gibson</u>, *supra*, 290 F.3d at 1187. "In order to know of the risk, it is not enough that the person merely 'be aware of th facts from which the inference could be drawn that a substantial risk of serious harm exists [] he must also draw that inference.' ... But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction." <u>Id</u>, at 188. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment. <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002). A serious medical need is present where the failure to treat a prisoner's condition could result in the unnecessary and wanton infliction of pain. <u>Clements</u>, supra.

Plaintiff claims that he was exposed to a health risk because the serving trays used to distribute food were unsanitary, and "believes" that this "contributed" to his ear

3 - FINDINGS AND RECOMMENDATION

infection.

I find that plaintiff has failed to allege facts that if proved would establish either that defendants were deliberately indifferent or that he had a serious medical need.

Plaintiff alleges that there was an "investigation to determine the possible causes" of his ear infection. Therefore, assuming that mold on the trays contributed to plaintiff's ear infection, he has not alleged any facts that would demonstrate defendants had knowledge of the possible health risk prior to the plaintiff developing an ear infection. Therefore, defendants did not know of and disregard an excessive risk to plaintiff's health and safety.

The symptoms described in plaintiff's complaint do not suggest a medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain if not treated. Plaintiff acknowledges that he received medical care including allergy medication for his "earation" to his face, eyes and skin, and redness to his face. Therefore, defendants were not deliberately indifferent to plaintiff's serious medical need.

I find that plaintiff's Fourteenth Amendment due process claim fails to state a claim upon which relief can be granted.

Plaintiff appears to allege two First Amendment claims.,

one for restrictions on his mail and a another for denial of library access.

Plaintiff challenges the jail mail policies as follows: "[R]egarding our incoming and outgoing mail, we are restricted to using postcards for letter writing, instead of regular paper and envelopes. We are also restricted from incoming envelopes from the public." Amended Complaint (#24) p. 6. Plaintiff alleges that the "post-card restriction" "limit(s) the amount of information a person my (sic) want to send" and "allows all outgoing mail to be read by jail employees." Id.

Inmates have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995); Pell v Procunier, 417 U.S. 817, 822 (1974) [a prison inmate retains those First Amendment rights that are not inconsistent with his (or her) status as a prisoner or with the legitimate penological objectives of the corrections system"]. However, the right is not unlimited and subject to reasonable limitations based on "legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987) see also, McCabe v. Arave, 827 F.2d 634, 637 (9th Cir. 1987).

Plaintiff does not allege that his legal mail is subject to the "post-card" limitation. The fact that plaintiff's correspondence with the National University of Ireland related to his claims in Civ. No. 10-00690-TC, does not make it "legal

5 - FINDINGS AND RECOMMENDATION

mail." See, Kennan v. Hall, 83 F.3d 1083 (9th Cir. 1996); OAR 291-131-010(13).

The allegation that (non-legal) outgoing mail can be read by jail employees fails to state a claim because of the penological objective of censoring out-going mail concerning escape plans, containing information about proposed criminal activity, or transmitting encoded messages. See, Procunier v. Martinez, 416 U.S. 396, 412 (1974).

Plaintiff's claim based on the post card only mail policy is more problematic.

Defendants argue, "[h]ere, although plaintiff alleges he will have to send many postcards to the National University of Ireland, T-Next Communications and the media in order to communicate with these entities, these facts do not demonstrate that plaintiff's First Amendment right to send mail has bee impeded. Plaintiff can still communicate with these entities. In relation to his incoming mail, plaintiff merely states that he is unable to receive incoming envelopes from the public. Plaintiff does not specify how this alleged mail practice has interfered with his right to receive mail." Memorandum of Law (#33) p. 6-7.

However, plaintiff alleges that he is limited by the size of the post cards provided to inmates from telling his "hole story" (sic) to outside entities and individuals. Plaintiff

6 - FINDINGS AND RECOMMENDATION

also alleges that he is indigent and only allowed 2 post cards per week. Complaint (#24) p 6 - 7. Plaintiff further alleges that the post card only limitation prevents him from filing a tort claim notice and that it costs more to send mail than would be required to communicate via a stamped envelope. Id. Plaintiff also alleges that the post card only restriction has prevented him from receiving information from the "National University of Ireland in Galway." Id. p. 6. I find that these allegations are sufficient to allege a limitation on plaintiff's First Amendment rights and state a claim for pleading purposes.

Therefore, it is appropriate to consider plaintiff's claim regarding the post card only policy in terms of a Turner v. Safely analysis. See, Stefanow v. McFadden, 103 F.3d 1466, 1472 (9th Cir. 1996); Harper v. Wallingford, 877 F.2d 728, 732 (9th Cir. 1989). There are insufficient facts in the record for the court to make a determination regarding the constitutionality of the post card only rule.

There is no abstract, freestanding right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343 (1996). Thus an inmate does not state a constitutional claim simply by establishing that a prison library or legal assistance program is sub par in some theoretical sense. Id.

In order to establish a violation of the constitutional

7 - FINDINGS AND RECOMMENDATION

right of access to the courts a prisoner must establish two things. First he must show that the access was so limited as to be unreasonable. <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994). Second, he must demonstrate that the inadequate access caused him an actual injury. To establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts. <u>Id.</u>

Plaintiff's general allegation that his "civil claims were delayed for a verry (sic) long time" is insufficient to state a claim for denial of access to the courts because it is unsupported by any specific factual allegation that would support a finding that the library is constitutionally inadequate.

Moreover, plaintiff has not pleaded or established that he suffered an actual injury as a result of the alleged inadequacy of the law library. Plaintiff's complaints are theoretical in nature, and he has not alleged any specific instance where the alleged inadequacy of the Umatilla County Jail law library hindered his ability to pursue a legal claim.

Plaintiff's general allegation that "the books were outdated, affecting my ability to state a claim and give proper case law," Amended Complaint (#24) p. 8, is insufficient to demonstrate a specific actual injury "such as the ability to meet a filing deadline or to present a claim"

8 - FINDINGS AND RECOMMENDATION

in a direct appeal, habeas petition, or a § 1983 action. Lewis v. Casey, 518 U.S. at 348, 355.

Based on all of the foregoing, I find that Defendants' Motion to Dismiss (#24) should be allowed as to plaintiff's Fourteenth Amendment Due process claim and plaintiff's First Amendment claim based on the allegedly inadequate law library. Defendants' Motion to Dismiss should be denied as to plaintiff's First Amendment claim based on the post card only policy.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 6th day of March, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION