IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD PERGANDE, et al.,         )
                                 )
           Plaintiffs,           )
                                 )   No. 6:10-cv-6314-TC
      v.                         )
                                 )   ORDER
SHERIFF JOHN TRUMBO, et al.,     )
                                 )
           Defendants.           )
_____)

AIKEN, Chief Judge:

Magistrate Judge Thomas M. Coffin filed Findings and Recommendation on January 23, 2013, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1);

1       - ORDER

McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Plaintiff, an inmate at Umatilla County Jail, alleges violation of his First Amendment rights due to defendants' policy restricting inmates to using post cards for letter writing. Plaintiff filed a motion seeking summary judgment as to this claim noting that over a year after he filed his complaint, a memo circulated at the Umatilla County jail noting that letters will be accepted at the facility beginning June 18, 2012. Apparently, plaintiff believes that the policy change, by itself, conclusively demonstrates liability. Magistrate Judge Coffin denied the motion finding issues of fact still remain. Plaintiff has filed objections.

Inmates enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, those First Amendment rights are necessarily limited by incarceration, and may be regulated in order to achieve legitimate correctional goals or to maintain prison security. McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). To determine the validity of a prison mail regulation, courts apply the test established under Turner v. Safley, which considers four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest the regulation is designed to protect; (2) whether the prisoner has alternative

2    - ORDER

means of exercising the right at issue; (3) the impact any accommodation would have on guards, other inmates, and allocation of prison resources; and (4) whether there are "ready alternatives" for furthering the government interest, which would suggest that the regulation is an exaggerated response to the jail's concern. Turner v. Safley, 482 U.S. 78, 89-90. (1987). Plaintiff's motion failed to address these considerations and, therefore, issues of fact remain.

Having given de novo review of Magistrate Judge Coffin's ruling, I find no error. Accordingly, I adopt Magistrate Judge Coffin's Findings and Recommendation filed January 23, 2013, denying plaintiffs' motion for partial summary judgment.

## CONCLUSION

I adopt Magistrate Judge Coffin's Findings and Recommendation (#137) filed January 23, 2013. Plaintiffs' motion for partial summary judgment (#113) is denied.

DATED this 9th day of April, 2013.

_____
ANN AIKEN
UNITED STATES DISTRICT JUDGE

3      - ORDER