IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD PERGANDE,

        Plaintiff,        6:10-cv-6314-TC

        v.        FINDINGS AND RECOMMENDATION

SHERIFF JOHN TRUMBO, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights while he was a pre-trial detainee in the Umatilla County Jail. Plaintiff's Amended Complaint (#24) alleges three claims for relief.

    By Order (#99) entered May 23, 2012, [adopting the Findings and Recommendation (#68)] the court dismissed two of

1 - REPORT AND RECOMMENDATION

plaintiff's claims.

Defendants now move for summary judgment as to plaintiff's remaining claim for alleged violations of his First Amendment rights based on Umatilla County Jail's post-card only policy for non-legal mail.

On February 11, 2013, plaintiff was sent a Summary Judgment Advice Notice. On February 20, 2013, plaintiff was allowed an extension of time to respond to defendants' Motion for Summary Judgment. The motion was taken under advisement by the court on June 3, 2013. Plaintiff has not filed a response.

The facts giving rise to plaintiff's claim are set forth in defendants' Memorandum in Support (#141) and the supporting Declarations. Plaintiff has not controverted any of the facts set forth in those declarations. Therefore there are no genuine issues of material fact in dispute.

As a preliminary matter, plaintiff seeks to hold defendants liable in their individual and official capacities. Official capacity suits are in essence just another way of pleading an action against an entity of which the defendant is an officer or agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Therefore a plaintiff seeking to recover damages against an official in his official capacity must sue the governmental entity itself. Id. Because the individual

2 - REPORT AND RECOMMENDATION

defendants cannot be held liable for damages in their official capacities, they are entitled to judgment as a matter of law as to plaintiff's claims against them in their official capacities.

Defendants argue that the postcard only policy for legal mail is constitutional under a <u>Turner v. Safely</u> analysis. *See*, Memorandum in Support (#141) p. 6 - 12. However, in <u>Prison Legal News v. Columbia County</u>, U.S.D.C. No. 3:12-cv-00-71-SI, Judge Simon reached a different conclusion concerning the substantially identical post-card only policy at the Columbia County Jail.

However, even if the post-card only policy did violate plaintiff's First Amendment rights, it did not violate a *clearly established* federal right. Therefore, defendants are entitled to qualified immunity from liability for plaintiff's claims.

Qualified immunity shields government officials from liability for damages unless the plaintiff can demonstrate that: 1) the official violated a statutory or constitutional right; and 2) the right was "clearly established" at the time of the challenged conduct. <u>Ashcroft v. al-Kidd</u>, 131 S. Ct. 2074, 2077 (2011); <u>Mattos v. Agarano</u>, 661 F.3d 433, 440 (9th Cir. 2011).

The plaintiff bears the burden of showing that the right

3 - REPORT AND RECOMMENDATION

was clearly established. <u>Sorrels v. McKee</u>, 290 F.3d 965, 969 (9th Cir. 2002). A government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he was doing violates that right. *Ashcroft*, 131 S.Ct. at 2083. Qualified immunity must be granted unless existing precedent placed the statutory or constitutional question "beyond debate." <u>Id</u>. A robust consensus of cased of persuasive authority is required to meet the arduous "beyond debate" standard. <u>Id</u>. at 2084.

Instead of a consensus of cases that a postcard only non-legal mail policy is unconstitutional, courts in a variety of jurisdictions, including district courts in the Ninth Circuit, have upheld similar policies restricting non-legal inmate mail to postcards. *See*, eg. <u>Covell v. Arpaio</u>, 662 F. Supp 2d 1146 (D. Ariz. 2009) (granting motion for summary judgment against plaintiff's claim that postcard restriction violated the First Amendment); <u>Gibbons v Arpaio</u>, No. CV 07-1456, 2008 WL 44447003, at *6 (D. Ariz. Oct 2, 2008) (same). <u>Gieck v Apaio</u>, No. CV07-1143-PHX-NVW, 2008 WL 2604919, at *6 (D. Ariz. June 23, 2008 (same); <u>Daniels v. Harris</u>, No. 3:11-CV-45 CAR, 2012 WL 3901646 (M.D. Ga. Aug. 8, 2012), *Report and Recommendation adopted*, No. 3:11-CV-45 CAR, 2012 WL 3901644 (M.D. Ga. Sept.

4 - REPORT AND RECOMMENDATION

7, 2012); <u>Gambuzza v. Parmenter</u>, No. 8:09-CV-1891-T-17TBM, 2010 WL 2179029, at *3 (M.D. Fla., May 28, 2010).

In addition, the record reflects that in crafting its revised mail policy, the Umatilla County Jail reasonably relied on information from the Washington County Sheriff's Office, which had reviewed results from other counties in other states and reported that postcard only policies had been upheld in those other jurisdictions. Moreover, several other Oregon counties made the decision to implement a postcard only policy at about the same time as Umatilla County.

Thus, there is no legal authority that establishes "beyond debate" that the postcard only policy for non-legal mail violates inmates' First Amendment or other federal right. Therefore, defendants are entitled to qualified immunity from liability to plaintiff.

Defendants' unopposed Motion for Summary Judgment (#140) should be allowed. The Clerk should be directed to enter an order dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this

recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.**

DATED this 16 day of July, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge